UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
LEE BLOOMFIELD,

                Petitioner,         **MEMORANDUM & ORDER**

    -against-

                                   02 CV 6738 (RJD) (LB)

DANIEL SENKOWSKI, Superintendent,
Clinton Correctional Facility,

                Respondent.
-----------------------------------------------------X
DEARIE, Chief Judge.

On December 29, 1997, while in petitioner's care, the five-year-old son of petitioner's girlfriend was admitted to the hospital with severe burns from scalding bath water. In addition, the child had bruising around his neck and injuries to his face, including a cut lip, missing tooth and swelling and bruising around his eye. The case was reported to authorities as suspected child abuse.

Petitioner was charged with first-degree assault, second-degree assault and endangering the welfare of a child. At trial, the child testified that he stepped into the bathtub himself, at petitioner's direction, and that when he told petitioner the water was too hot, petitioner covered his mouth and held him down in the water for about two minutes. He was so badly burned that he spent over one month in the hospital and portions of his feet and ankles required skin grafts.

Petitioner was convicted of second-degree assault and endangering the welfare of a child and sentenced to seven years and one year, respectively. He appealed and sought a writ of error <u>coram nobis</u> in state court. Petitioner now seeks relief pursuant to 28 U.S.C. § 2254.

This Court referred his petition to Magistrate Judge Lois Bloom for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Magistrate Judge Bloom filed a Report and Recommendation on June 6, 2005, recommending that petitioner's application be denied.

On August 18, 2005, petitioner filed objections primarily challenging Magistrate Judge Bloom's recommendation that his ineffective assistance of trial counsel claims be denied. Citing a number of different sources for the first time, counsel for petitioner argued that substantial scientific literature would have been available to defense counsel, had he consulted with or called an expert, that could have been used to counter the expert testimony presented by the prosecution. The matter was referred again to Magistrate Judge Lois Bloom. On November 16, 2006, Magistrate Judge Bloom filed a Supplemental Report and Recommendation, maintaining her recommendation that petitioner's application be denied. Counsel filed objections to the Supplemental Report on December 22, 2006.

This Court has reviewed petitioner's claims de novo and adopts both the Report and Recommendation and the Supplemental Report and Recommendation without qualification.

In his objections, petitioner specifically presses his claims that (1) the Appellate Division's application of the standard articulated in People v. Baldi, 54 N.Y.2d 137 (1981), was contrary to the federal constitutional standard set forth in Strickland v. Washington, 466 U.S. 668 (1984); (2) no reasonable trial strategy justified counsel's failure to consult with or call an expert; (3) counsel's cross-examination of the medical witnesses was inadequate and damaging; and (4) counsel's failure to consult with an expert resulted in prejudice.

As Magistrate Judge Bloom acknowledges, "clearly it would have been preferable for trial counsel to have at least consulted an expert and reviewed medical literature and studies to the extent they were available." (Supp. Report at 10.) Nevertheless, an attorney's failure to consult with or call a medical expert, standing alone, does not necessarily meet the first prong of Strickland. (See Report at 49); see also Bell v. Miller, 500 F.3d 149, 157 (2d Cir. 2007) ("Our

disposition of this appeal does not announce a *per se* rule requiring a defense counsel to consult with a medical expert in order to cast doubt on a key prosecution witness.").

Ultimately, petitioner's ineffective assistance of counsel claims fail because petitioner cannot demonstrate that counsel's conduct, even if deficient, prejudiced him. "The level of prejudice the [petitioner] need demonstrate lies between prejudice that 'had some conceivable effect' and prejudice that 'more likely than not altered the outcome in the case.'" Lindstadt v. Keane, 239 F.3d 191, 204 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 693). Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Petitioner was convicted of assault in the second degree, requiring proof that petitioner caused physical injury to a victim less than seven years old, that petitioner did so with the intent to cause physical injury to the victim, and that petitioner was eighteen years old or more. Petitioner was acquitted of assault in the first degree, requiring proof that petitioner caused serious physical injury to the victim by means of a dangerous instrument (boiling water) and did so with the intent.

Acquittal on the top count was a very favorable outcome, and "in light of the nearly overwhelming evidence of petitioner's guilt," Magistrate Judge Bloom could not conclude that counsel's performance, including his failure to consult with or call an expert, prejudiced petitioner. (Report at 55.) This Court agrees that there is no reasonable probability that petitioner would have received an even more favorable result but for counsel's alleged errors. In the Supplemental Report, the Magistrate Judge emphasized that even if counsel had consulted with an expert on the nature of the burns, the child's other injuries standing alone evidenced abuse.

3

(Supp. Report at 13.) Moreover, the child's own account of the incident—that petitioner held him down after he complained that the water was too hot—clearly demonstrated petitioner's intent to harm. Petitioner's contention that expert testimony was "crucial" to prove that the burns were not accidental is premised on his mischaracterization of the child's testimony as denying abuse and totally overlooks the evidence of the child's other injuries. (Supp. Objections at 4; Objections at 23.)

Petitioner argues that with medical literature and expert testimony regarding "sparing," counsel could have significantly attacked the prosecution expert's conclusion that the regularity of the burns indicated that the child was forced down in the water and did not accidentally burn himself. Specifically, petitioner contends that defense counsel could have contradicted the prosecution's theory that petitioner gripped the child's upper body to hold him in the water by pointing out that, if that were the case, the child would have "attempt[ed] to fold up" and would have had an area of "sparing" behind his knees. (Pet. Objections at 22-23; Supp. Objections at 9.) Based on the evidence in the record of the burns, however, speculative assertions about lack of "sparing" would not have undercut the prosecution's theory.

Dr. Lombardy, the first doctor to examine the child at the hospital, testified that the burns were "circumferential; up his calf, around his calf and stopped." (Tr. 644.) Dr. Leon of the Suspected Child Abuse and Neglect Unit confirmed that the child had symmetrical "stocking" burns and initially described them as extending from "the thigh to the feet." (Tr. 531.) However, in discussing the photographs and slides then introduced into evidence, Dr. Leon indicated that a picture of the child's legs, taken from below the waist (Tr. 554), showed burns on both legs below the knees and some nonuniform splash burns (Tr. 552). Dr. Jenssen, called to give her

medical opinion as to whether the child's injuries were accidental or intentionally inflicted based on her review of the medical records, photographs and slides, testified that the child had "classic inflicted burns" called "stocking" burns (Tr. 987), and that the burns "clearly involved the area below the knees; totally circumferential foot and ankle" (Tr. 1030). If, as the record appears to indicate, the stocking burns stopped below the child's knees, arguments about "sparing" behind the knees would have been irrelevant. There is no reasonable probability that had defense counsel consulted with an expert or presented such inapposite testimony, he could have achieved a different outcome for petitioner.

## Conclusion

Petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May /\_, 2008

RAYMOND J. DEARIE
United States District Judge